# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID L. WARNER,

              Plaintiff,           :        Case No. 3:03-cv-214

         -vs-                     Chief Magistrate Judge Michael R. Merz
                           :

ULTRA PUNCH OF DAYTON,
  INC., et al.,

              Defendants.

## DECISION AND ORDER ON THE MERITS

This case is before the Court on Motion of Defendant Unum Life Insurance Company of America for Summary Judgment (Doc. No. 16).

## Procedural History

As noted by Judge Rice, this being a case for benefits under an ERISA plan, it is appropriately to be decided on the administrative record (Preliminary Pretrial Conference Order, Doc. No. 5). See *Wilkins v. Baptist Healthcare System, Inc*., 150 F. 3d 609 (6th Cir. 1998). The administrative record was filed as ordered on September 17, 2004 (Doc. No. 7). Subsequently the case was delayed for some time because Plaintiff's counsel withdrew (Doc. No. 10). On February 1, 2006, the case was referred to the undersigned (Doc. No. 12). Thereafter the parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c) and the case was referred on that basis (Doc. No; 14). The Court set April 17, 2006, as the date by which the parties were to

file their cross-motions for summary Judgment (Doc. Nos. 13, 15). While Defendant files as ordered, Plaintiff failed to do so.  The Court nonetheless notified Plaintiff as a *pro se* litigant that he could respond to Defendant's Motion not later than May 11, 2006.  He has not done so and the case is now ripe for decision.

## Analysis

The Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52 are embodied in this Decision.

Plaintiff David L. Warner, a machinist at Ultra Punch of Dayton, Inc., sought short-term disability benefits through his employer's policy. (UACL0031-37). UNUM paid benefits up to January 13, 2002, but determined that thereafter Plaintiff was not disabled and therefore not entitled to benefits.

On or about September 27, 2001, Plaintiff submitted a claim to UNUM for disability benefits under a short-term disability plan (the "Policy") offered by his employer. (UACL00030– UACL00001). The Policy is a welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA").

In order to qualify for short-term disability benefits under the Policy, Plaintiff was required to submit medical evidence demonstrating that he was disabled. The Policy provides, in pertinent part:

> "You are disabled when UNUM determines that due to your sickness or injury:
> - You are unable to perform the material and substantial duties of your regular occupation and
> - You are not working in any occupation (UACL00016).
> "Material and substantial duties" are defined by the Policy as the duties that "are normally required for the performance of your regular

occupation" and "cannot be reasonably omitted or modified."
(UACL00016).
We will stop sending you payments and your claim will end on the
earliest of the following:
- the end of the maximum period of payment
- the date you are no longer disabled under the terms of the plan; or
- the date you die.
(UACL00011).

The Policy also expressly confers discretion on UNUM to determine eligibility for benefits and to interpret the terms and provisions of the Policy.

The alleged onset date of Plaintiff's disability was September 19, 2001. In his claim for benefits, Plaintiff listed his occupation as "Machinist" and that his job duties included "Running EDM Machine and Surface Grind Machine and Jig Grind Machine." (UACL00033). Plaintiff's attending physician, Dr. James A. Derksen, diagnosed him with cervical radiculopathy, and prescribed physical therapy, Tylox, and possible surgery. Dr. Derksen opined that Plaintiff may be ready to return to work by November 20, 2001. (UACL00032).

In November, Plaintiff sought treatment from Dr. Christopher J. Danis, for wrist and arm pain. Dr. Danis completed a physician's disability evaluation and indicated Plaintiff suffered from carpal tunnel syndrome. The evaluation reflected treatment throughout November and December of 2001, including a surgical procedure on November 27, 2001. (UACL00040). This evaluation stated that Plaintiff underwent "external Neurolysis of the right median nerve at the wrist. Right ulnar nerve submuscular transposition. Injection of left carpal tunnel with Kenelog steroid." (UACL00043). Later treatment notes by Dr. Danis indicated that Plaintiff's wounds from surgery were healing well after and that Plaintiff said he was "a whole lot better" since the surgery was performed. (UACL00050). Dr. Danis informed UNUM in a letter dated December 27, 2001, that Plaintiff's estimated return-to-work date was January 14, 2002. (UACL00065).

Plaintiff's employer told UNUM representatives on February 5, 2002, that Plaintiff had

called on January 11, 2002, to see if he could return to work. (UACL00071). No additional documentation was submitted to UNUM to indicate a change in Plaintiff's medical status that would contradict Dr. Danis' letter indicating Plaintiff would be ready to return to work on January 14, 2002. (UACL00071).

On February 22, 2002, after UNUM completed a review of Plaintiff's medical records, UNUM determined it was unable to approve benefits beyond January 13, 2002, because "there is no disability supported by medical documentation beyond 1/13/02." (UACL00071-72). Plaintiff's medical records did not show any changes in his condition after January 14, 2002, the date which Dr. Danis originally released Plaintiff to return to work. (UACL00071). Furthermore, UNUM determined that Plaintiff's medical records did not support any finding that Plaintiff would be medically unable to return to his occupation as a machinist, or to support any lifting or other medical restrictions on Plaintiff's work. (UACL00265). Although UNUM denied Plaintiff's claim based on the records he submitted, UNUM informed him that if he had any additional information to support his request, he should provide it. (UACL00071).

Additional correspondence was exchanged between UNUM and Plaintiff's counsel, during which Ultra Punch advised UNUM that Plaintiff would only rarely have to lift more than one pound and mechanical assistance was available for those occasions.  UNUM reconsidered the matter of short-term disability several times; it never received any long-term disability application from Plaintiff.

Where a plan administrator has discretionary authority to determine eligibility under an ERISA plan, the administrator's decision is reviewed under an abuse of discretion standard; it can be reversed by the Court only if it is arbitrary and capricious.  *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 115 (1989).  The Policy in this case grants UNUM discretionary authority to review eligibility for benefits. (UACL00021) ("When making a benefit determination under the

policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy"). (UACL00021).  Therefore the Firestone standard is the correct one to apply and the Court need not consider the alternative  review standard.

UNUM's decision in this case is neither arbitrary nor capricious, but is in fact well substantiated by the evidence.  In fact, there is little or no competing evidence to support a finding of short-term disability beyond January 13, 2002.

Based on the foregoing analysis, UNUM is entitled to judgment on the record as a whole. The Clerk shall enter judgment in favor of Defendant and against the Plaintiff, dismissing the Complaint herein with prejudice.

May 12, 2006.

s/ Michael R. Merz<br>
Chief United States Magistrate Judge